FILED
CLERK, U.S. DISTRICT COURT

5/8/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____KM_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>TONY ARLAND BURWELL,<br><br>                Defendant. | CR  2:26-cr-00292-DSF<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii): Possession with Intent to Distribute Cocaine Base in the form of Crack Cocaine; 21 U.S.C. § 853, 18 U.S.C. § 924, & 28 U.S.C. § 2461(c):  Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(g)(1)]

On or about October 3, 2024, in Los Angeles County, within the Central District of California, defendant TONY ARLAND BURWELL knowingly possessed the following firearm and ammunition, each in and affecting interstate and foreign commerce:(1) a Sig Sauer, model P365 XL, 9x19mm caliber semi-automatic pistol, bearing serial number 66A838954; (2) eight rounds of Winchester 9mm Luger caliber

ammunition; (3) two rounds of Sellier & Bellot 9x19mm caliber ammunition; (4) nine rounds of Winchester 9mm Luger caliber ammunition; (5) five rounds of Prvi Partizan .45 Auto caliber ammunition; (6) five rounds of Giulio Fiocchi Lecco (GFL) 9mm Luger caliber ammunition; (7) three rounds of Prvi Partizan 9x19mm caliber ammunition; (8) one round of Winchester .45 Auto caliber ammunition; and (9) four rounds of Industrias Tecnos S.A. de C.V. 9mm caliber ammunition.

Defendant BURWELL possessed the firearm and ammunition knowing that he previously had been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Transportation and/or Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11352(a), in the Superior Court of the State of California, County of Los Angeles, Case Number BA20080, on or about February 5, 2001;

2.    Reckless Evasion of a Peace Officer, a violation of California Vehicle Code 2800.2(a), in the Superior Court for the State of California, County of Los Angeles, Case Number SA060814, on or about August 19, 2008; and

3.    Transportation and/or Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11352(a), in the Superior Court of the State of California, County of Los Angeles, Case Number BA437486, on or about August 26, 2015.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii)]

On or about October 3, 2024, in Los Angeles County, within the Central District of California, defendant TONY ARLAND BURWELL, knowingly and intentionally possessed with intent to distribute at least 280 grams, that is, approximately 326 grams, of cocaine base in the form of crack cocaine, a Schedule II controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in Counts One and Two of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

4

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        /S/
                                        Foreperson


TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division

KELSEY A. STIMSON, for
FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALEXANDRA SLOAN KELLY
Assistant United States Attorney
Environmental Crimes and Consumer
Protection Section

5